## STATE OF HAWAII, Plaintiff-Appellee, *v.* ORLINO C. DOMINGO, Defendant-Appellant

NO. 11162

(CRIMINAL NO. 85-0455)

MARCH 4, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for murder (HRS § 707-701). Because of errors in the admission of evidence, we reverse and remand for a new trial.

Appellant raises a number of claims of error with respect to the admission of evidence. We find it necessary to deal with only two.

It is undisputed that appellant shot and killed his stepfather. His attorney gave timely notice of an intent to rely on the defense of mental irresponsibility and there was a mental examination under the provisions of HRS § 704-404. The examiners unanimously concluded that appellant was fit to proceed and that he had the capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of law at the time of the homicide. The court therefore found him fit to proceed and he was tried before a jury and found guilty.

At trial, appellant relied upon defenses of mental incapacity and self-defense. The State introduced a great deal of evidence tending to show that appellant was behaving rationally on the day of the shooting. It established that appellant: (1) was the one who called the police after the shooting, (2) responded well to all questions over the telephone, (3) awaited the arrival of the police, (4) showed them the body, (5) explained what had happened, (6) was then transported to the Pearl City police station where an intoxilyzer test was performed on him with a negative result, and (7) at the police station, signed a consent form for the search of his room, which was introduced in evidence as State's exhibit 43.

Approximately seven and one-half hours after the homicide, appellant signed a warning of rights form, HPD 81, which was introduced in evidence over objection as State's exhibit 44. The exhibit, as introduced, had excised from it those portions of the statement where appellant claimed his constitutional rights.

The introduction, over objection, of evidence that as defendant had invoked his rights under Sections 10 and 14 of Article I of the Constitution of the State of Hawaii, where there was no issue as to whether the defendant had done so, would infringe on those rights. Compare *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 48 L.Ed.2d 91 (1976).

The prosecutor's ostensible reason for the introduction of exhibit 44 was as evidence of appellant's rationality on the day of the homicide. The State argues that the excision, from the exhibit, of that portion of the form where the appellant invoked his rights, combined with the trial judge's prohibition of any mention of such invocation, made the relevance of the exhibit outweigh its possible prejudicial effect.

However, from the juxtaposition of exhibit 43, the consent to the search of his room (with the testimony as to the results of that search), and the introduction of exhibit 44 (with no testimony as to anything further resulting therefrom), it appears that the jury could and probably did infer that appellant had invoked his constitutional rights. Given the plethora of other evidence adduced by the prosecution as to appellant's rationality on the day of the homicide, and the fact that he signed the rights warning some seven and one-half hours after the homicide, the likelihood of the jury making a prejudicial inference far outweighed any probative value of the exhibit, and the trial judge abused her discretion in admitting it. HRE 403.

At trial, appellant, in support of his claim of self-defense, testified that the decedent came at him with a sharp object which cut his hand. On cross-examination, he was asked whether he had told one of the mental examiners, Dr. Dave, that he got the cut from a chair wielded by the decedent. The substance of his answer, though confusing, was in the negative. The State then called Dr. Dave to testify as to what appellant told him and, with respect to this issue, he stated that appellant had told him that he received the cut as a result of being struck by the decedent with a chair.

Appellant raises a constitutional issue claiming that under *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), the use of such testimony violated his privilege against self-incrimination. We need not reach that constitutional issue.

HRS § 704-416 provides as follows:

*Statements for purposes of examination or treatment inadmissible except on issue of physical or mental condition.* A statement made by a person subjected to examination or treatment pursuant to this chapter for the purposes of such examination or treatment shall not be admissible in evidence against him in any penal proceeding on any issue other than that of his physical or mental condi-

tion, but it shall be admissible upon that issue, whether or not it would otherwise be deemed a privileged communication, unless such statement constitutes an admission of guilt of the offense charged.

Clearly, Dr. Dave's testimony, with respect to what appellant told him as to how he received the cut on his hand, was not adduced for the purpose of establishing his physical or mental condition, but was adduced for the purpose of attacking his credibility with respect to his self-defense testimony at trial, and is forbidden by the statute.

The State contends that we should disregard this error because no objection was made to it. However, since the introduction of the evidence in question was prohibited by statute, it constituted plain error and is noticeable by this court. HRPP 52(b); HRS § 641-16.

The State argues that even if it was error to admit exhibit 44 and to permit the cited testimony of Dr. Dave, those errors were harmless. Given the assertion of self-defense and the fact that the jury might have returned a verdict of manslaughter, rather than murder, in the instant case, we conclude that the introduction of exhibit 44, and of Dr. Dave's testimony for a statutorily prohibited purpose, cannot be said to be harmless beyond a reasonable doubt, compare *State v. Okamura*, 58 Haw. 425, 570 P.2d 848 (1977); *State v. Antone*, 62 Haw. 346, 615 P.2d 101 (1980), or phrased differently, that there is no reasonable possibility, that the erroneous admission of the evidence discussed above, may have contributed to appellant's conviction for murder. Compare *State v. Huihui*, 62 Haw. 142, 612 P.2d 115 (1980); *State v. Heard*, 64 Haw. 193, 638 P.2d 307 (1981).

The judgment below is reversed and the case is remanded for a new trial.

*John Ashford Thompson* for appellant.

*Candace Kay Andersen*, Deputy Prosecuting Attorney, for appellee.