**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000701
29-NOV-2018
08:39 AM**

NO. CAAP-17-0000701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ANTHONY G. BEAUDET-CLOSE, Defendant-Appellant,

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 3PC16100368K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Anthony G. Beaudet-Close (Beaudet-Close) appeals from the "Judgment of Conviction and Sentence" (Judgment)[1] entered on September 13, 2017 in the Circuit Court of the Third Circuit (circuit court).[2] The State of Hawai'i (State) charged Beaudet-Close with one count of Attempted Murder in the Second Degree pursuant to §§ 705-500(1)(b)[3] and 707-701.5(1)[4] of

---

[1] The Judgment indicates that the "Defendant's Plea" was "Guilty" and that "Defendant Plead" as such to the charge, which is clearly an error. As a result, we remand the case to the circuit court to amend the Judgment to correct a clerical error under Hawai'i Rules of Penal Procedure (HRPP) Rule 36.

[2] The Honorable Melvin H. Fujino presided.

[3] HRS § 705-500 provides, in relevant part:

§ 705-500 **Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:

. . .

(b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission

the Hawaii Revised Statutes (HRS), and one count for the lesser included offense of Assault in the First Degree pursuant to HRS § 707-710,[5] for an altercation that occurred on or about October 28, 2016. Beaudet-Close was found guilty of Attempted Murder in the Second Degree and sentenced to imprisonment for Life with the Possibility of Parole.

On appeal, Beaudet-Close asserts that the circuit court erred in allowing over objection: 1) the testimony of the victim's brother; 2) the introduction and playing to the jury of the entire recording of Beaudet-Close's police interview, including the portion where Defendant declined to participate in a recorded "walk through" re-enactment; and 3) the introduction of photographs showing pools of blood.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

## I.    Testimony of Victim's Brother

The circuit court erred when it overruled Beaudet-Close's objection to the testimony of David Ault (David) because Beaudet-Close failed to file a motion in limine to exclude this testimony. As the State concedes, there is no requirement that a motion in limine be filed to object to the testimony of a witness. See Hawaii Rules of Evidence (HRE) Rule 103(a)(1) (allowing error in the admission or exclusion of evidence to be based on an objection to the evidence).

---

of the crime.

[4]    HRS § 707-701.5 provides, in relevant part:

§ 707-701.5 Murder in the second degree. (1) Except as provided in section 707-701, a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.

[5]    HRS § 707-710 provides, in relevant part:

§ 707-710. Assault in the first degree. (1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.

In any event, the error was harmless, as the circuit court's decision to allow David's testimony, over Beaudet-Close's specific objection on relevance grounds, was correct. See HRE Rule 401.[6] Beaudet-Close argues that David's testimony was irrelevant to the issue of guilt or innocence. The State charged Beaudet-Close with both Assault in the First Degree and Attempted Murder. Assault in the First Degree under HRS § 707-710 requires proof of "serious bodily injury," which is defined by HRS § 707-700 as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." The State called David as a witness to prove an element of Assault in the First Degree by testifying as to the victim's lengthy loss or impairment of his bodily functions and to serious permanent disfigurement of the victim's face, namely his eyes. The State's line of questioning included inquiries into the development of the victim's mental and physical condition while he was at Queen's Medical Center and after he was moved to a skilled nursing facility.[7] Upon review, we conclude that David's testimony was relevant to the proof of serious bodily injury.

Beaudet-Close also contends that David's testimony was highly prejudicial in that there was no dispute as to the extent of the victim's injuries, of which there was ample other

---

[6] HRE Rule 401 provides:

**Rule 401 Definition of "relevant evidence".**
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

[7] For example, some of the State's questioning included the following:

The very first time that you went to visit Luke at the skilled nursing facility can you describe for us his physical appearance?

When you speak with him, um, have you noticed . . . any change in his, um, communication?
Does -- does Luke look the same facially . . . as he did before October 28th, 2016?

3

evidence, and thus, that David's testimony had nothing to add and was cumulative to the extent of injury issue. He further asserts that the circuit court erred by admitting his testimony without weighing or balancing its probative value against its prejudicial effect. David's testimony detailed the lasting effects of the incident subsequent to the victim's hospitalization. As the surrogate medical decision maker for the victim, David had the personal knowledge to testify as to the victim's condition, including his ability to carry out bodily functions and daily activities. He also had the personal knowledge to testify as to the changes in the victim's facial structure due to the injuries sustained from the incident. Based on this record, we conclude that the probative value of his testimony was not substantially outweighed by undue prejudice and the circuit court did not abuse its discretion in allowing David's testimony. HRE Rule 403.[8]

**II. Video of Defendant's Police Interview**

On November 7, 2016, Beaudet-Close participated in a recorded interview with Detective Walter Ah Mow to discuss the events that occurred on the night of the incident. Towards the end of the interview, Detective Ah Mow asked Beaudet-Close if he would like to participate in a reconstruction of the incident at the scene which would be video recorded. After a short discussion on what this would entail, and multiple assurances by Detective Ah Mow that it was entirely optional, Beaudet-Close responded by saying he was scared and did not want to return to the scene where the victim's friends may be. He ultimately stated that he was not comfortable doing the reconstruction and declined to participate.

The recording had been received as Exhibit 2 during the

---

[8] HRE Rule 403 provides:

**Rule 403 Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.**
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

hearing on Beaudet-Close's voluntariness. On July 13, 2017, the second day of jury trial, the same recording was admitted as Exhibit 13A, with objection by defense counsel. The circuit court overruled the objection and the recording was published to the jury. The following exchange occurred during the trial:

> [Prosecutor]: State is gonna move into evidence 13A for identification.
>
> [Defense Counsel]: Uh, just as to foundation, Your Honor, I don't know -- I haven't reviewed that disc but otherwise that's my objection.
>
> The Court: Court will receive 13A.
>
> . . .
>
> [Defense Counsel]: And if I could, Your Honor, I also object to 13A on 403 prior to publication.
>
> The Court: Overruled.

On the same day, defense counsel filed a motion for mistrial based on the court's admission of the video recording, arguing that the State intended to imply Beaudet-Close's guilt by showing the jury a video of him declining to participate in the reconstruction, thus amounting to a violation of Beaudet-Close's constitutional rights. At trial the next day, the circuit court heard defense counsel's arguments for its motion for mistrial and subsequently denied the motion. The circuit court stated that, during the voluntariness hearing, defense counsel had not objected to any part of the recording nor was there any opposition stating that parts of the recording commented on Beaudet-Close's right to remain silent. Regarding the content of the video recording, the circuit court explained that Beaudet-Close had already waived his rights and stated his version of events that transpired on the night of the incident, and that when Detective Ah Mow asked to do the reconstruction, it was just to "physically show . . . his side of the story, meaning what he just told the Detective."

Upon appeal, defense counsel reasserts that Beaudet-Close's statement of not being comfortable with a video reconstruction was a revocation of his agreement to cooperate and an invocation of his constitutional right to remain silent.

Thus, defense counsel argues, at least that portion of the video beginning when Detective Ah Mow asked Beaudet-Close if he would like to participate in the reconstruction should have been redacted. Although this argument was not brought below as an objection when the video recording was offered into evidence, it was brought in his motion for mistrial. The circuit court ruled on the issue after both parties had the opportunity to raise and present arguments. Thus, the error was properly preserved for appeal.

To support his argument on appeal, Beaudet-Close cites to State v. Domingo, 69 Haw. 68, 733 P.2d 690 (1987), where the Hawai'i Supreme Court held that the trial court abused its discretion in admitting as evidence, over defendant's objection, a warning of rights form with portions of it excised where defendant claimed his constitutional rights. In that case, the supreme court held that it was error to allow the inference of the invocation of a defendant's constitutional rights. Id. at 70, 733 P.2d at 692. Citing to Domingo, Beaudet-Close then takes it one step further by stating that the entire recording of the interview should not have been admitted because of the risk that a jury could infer that Beaudet-Close had invoked his constitutional rights if the recording were cut off suddenly.

Upon review of the contents of the video recording, we conclude that Beaudet-Close's decision to not participate in the reconstruction was not an invocation of his right to remain silent. In State v. Rodrigues, 113 Hawai'i 41, 147 P.3d 825 (2006), the Hawai'i Supreme Court held that after having given a full and voluntary statement, defendant's refusal to repeat the statement on tape was an invocation of his right to remain silent, "not because he refused to make a statement on tape, but because that refusal appears to have caused a termination of all questioning by the police and acted as a de facto invocation of his right to refrain from answering further questions." Id. at 49, 147 P.3d at 833 (emphasis in original). Here, Beaudet-Close was not refusing to speak further on the matter. See id. ("[w]hen the questioning of a suspect is otherwise complete, and

6

the police request that the suspect reiterate his or her statement in order to memorialize it electronically, the suspect's refusal to do so amounts to an invocation of the right to remain silent precisely because the suspect is refusing to speak further on the matter."). Indeed, after Beaudet-Close ultimately declined to participate in the reconstruction, rather than remain silent, he continued to speak and explain his fear of returning back to the scene and his ongoing discomfort with the situation. There was no indication that he was not willing to continue speaking with Detective Ah Mow, but only that he did not feel comfortable participating in a video reconstruction. In fact, even after Detective Ah Mow indicated that he had no further questions, Beaudet-Close initiated further discussion about his fear for the safety of his family. We therefore conclude that Beaudet-Close did not invoke his right to remain silent.

Accordingly, the circuit court did not err in admitting the entirety of the video recording of Beaudet-Close's interview with Detective Ah Mow.

**III. Photos of Blood Pools**

Relying on HRE Rule 403, Beaudet-Close next contends that the circuit court abused its discretion by admitting colored photographs showing pools of blood from the scene of the incident into evidence because the probative value of the photographs was substantially outweighed by their possible prejudicial effect. At trial, the circuit court overruled Beaudet-Close's objection and admitted the photographs without requiring an offer of proof by the State. The State referenced these photographs during its direct examination of Officer Bradley Llanes, while questioning him on what he saw at the scene of the incident once the victim was transported away by ambulance.

The multiple distinct pools of blood shown in these photographs support witness testimony that Beaudet-Close struck the victim more than once. The pools of blood also helped to corroborate eyewitness testimony that Beaudet-Close had grabbed the victim off the ground to hit him multiple times. These facts

7

were relevant to show the severity of the attack to establish Beaudet-Close's intent.

Upon review of the photographs in the record, it is our opinion that the photographs are not particularly gruesome. The pools of blood are only shown from a distance and are not of a particularly graphic nature. The photographs do not rise to the level of gruesomeness that would have the effect of overwhelming the jury's ability to fairly decide the case, and are much less gruesome than photographs that Hawai'i courts have found to be admissible. See, e.g., State v. Sawyer, 88 Hawai'i 325, 329 n.7, 966 P.2d 637, 641 n.7 (1998) (dismissing defendant's objection that court erred in permitting display of fourteen color photographs depicting injuries inflicted with a broken vodka bottle to the face and head of an attempted murder victim, and noting that "[c]ourts, traditionally, have great discretion in admitting such evidence"); State v. Edwards, 81 Hawai'i 293, 916 P.2d 703 (1996) (holding that photographs of injuries inflicted to decedent's face and entire nude body were admittedly gruesome but not unfairly prejudicial); State v. Klafta, 73 Haw. 109, 831 P.2d 512 (1992) (upholding lower court's admission of photographs of victim's condition when found, where victim was an abandoned sixteen-month-old infant, dehydrated, dirty, bruised, and infested with maggots).

Considering both the relatively mild nature of these photographs as well as their established relevance and probative value, this court concludes that the photographs were not unfairly prejudicial and, thus, were admissible. Accordingly, the circuit court's decision to admit the photographs was not an abuse of discretion. See Edwards, 81 Hawai'i at 297, 916 P.2d at 707 ("admission or rejection of photographs is a matter within the discretion of the trial court").

Based on the foregoing, we affirm the "Judgment of Conviction and Sentence" filed on September 13, 2017 by the Circuit Court of the Third Circuit. Furthermore, we remand the case for amendment of the Judgment to correct the clerical error regarding Beaudet-Close's plea.

DATED: Honolulu, Hawai'i, November 29, 2018.

On the briefs:

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Victor M. Cox,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge