**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000573
12-JAN-2024
07:50 AM
Dkt. 98 SO**

NO. CAAP-18-0000573


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MORNING HILL FOODS, LLC, DBA MANA BU'S, Appellant-Appellant, v.
THE HAWAII CIVIL RIGHTS COMMISSION, Appellee-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0034)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding J., and McCullen, J;
and Circuit Judge Hamman, in place of
Ginoza, Chief Judge, and Hiraoka, Wadsworth,
Nakasone, and Guidry, JJ., all recused)

Respondent-Appellant-Appellant Morning Hill Foods, LLC,

dba Mana Bu's (**Morning Hill**) appeals from the Final Judgment

filed on July 16, 2018, entered against Morning Hill and in favor

of Complainant-Appellee-Appellee the Hawaiʻi Civil Rights

Commission (**HCRC**) in the Circuit Court of the First Circuit

(**Circuit Court**).[1]  Morning Hill also challenges the Circuit

Court's Order Affirming in Part and Modifying in Part the Hawaiʻi

---

[1]     The Honorable Keith K. Hiraoka presided.

Civil Rights Commission's Final Decision and Order Dated December 12, 2017.

Morning Hill raises a single point of error on appeal, contending that the Circuit Court erred in concluding that Hawaiʻi Administrative Rule (**HAR**) § 12-46-133 (1990) is not unconstitutional on its face.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Morning Hill's point of error as follows:

In the proceedings before the HCRC, in a March 17, 2017 Decision and Order Granting Executive Director's First Motion for Summary Judgment (**Order Granting MSJ**), the HCRC Hearings Examiner concluded, *inter alia*,

> 1) [Morning Hill's] two advertisements, one in the shop's window and the other on [C]raigslist, are discriminatory and violate Hawaii Revised Statutes [(**HRS**)] § 378-2(a)(1)(c) and HAR § 12-46-131 and 12-46-133.

This determination was later reiterated in the July 6, 2017 Hearing Officer's Findings of Fact, Conclusions of Law and

---

[2]    HAR § 12-46-133 provides, in relevant part:

> **§ 12-46-133 Pre-employment practices.**  (a) Where an employer or other covered entity, as a part of its recruitment process, advertises job openings through the media, employment agencies, posting of notices, or through other means, it is discrimination on the basis of age for the employer to express or cause to be expressed a preference for individuals of a particular age or range of ages, unless there is a BFOQ for the position.  Phrases such as "young", "college student", "girl", "boy", "recent college graduate", "retired person", ["]supplement your pension", or others of a similar nature are prohibited unless there is a BFOQ for the position.

Recommended Order, as well as the October 10, 2017 Hearing Officer's **Amended** Findings of Fact, Conclusions of Law and Recommended Order and adopted and restated in the findings and conclusions in the HCRC's December 12, 2017 Final Decision and Order.

On appeal to the Circuit Court, Morning Hill did not challenge the finding and conclusion that its two advertisements are discriminatory and violated HRS § 378-2(a)(1)(C) (2015).[3] Nor was this issue raised or argued in this secondary appeal. Therefore, any challenge to the HCRC's finding and conclusion that Morning Hill's advertisements were discriminatory and in violation of HRS § 378-2(a)(1)(C) is waived, regardless of any determination as to the constitutionality of HAR § 12-46-133.

---

[3]    HRS § 378-2 provides, in relevant part:

> **§ 378-2.  Discriminatory practices made unlawful; offenses defined.**  (a) It shall be an unlawful discriminatory practice:
>
>> (1)    Because of race, sex including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, arrest and court record, or domestic or sexual violence victim status if the domestic or sexual violence victim provides notice to the victim's employer of such status or the employer has actual knowledge of such status:
>>
>> . . . .
>>
>> (C)    For any employer or employment agency to print, circulate, or cause to be printed or circulated any statement, advertisement, or publication or to use any form of application for employment or to make any inquiry in connection with prospective employment, that expresses, directly or indirectly, any limitation, specification, or discrimination[.]

The fundamental principles of judicial restraint and constitutional avoidance require that courts abstain from contemplating constitutional issues where such inquiry is unnecessary to dispose of the case at bar. Haw. Gov't Emps. Ass'n v. Lingle, 124 Hawaiʻi 197, 208, 239 P.3d 1, 12 (2010) (citing the "fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them") (citation omitted); see also State v. Delima, 78 Hawaiʻi 343, 348 n.7, 893 P.2d 194, 199 n.7 (1995) (declining to address constitutional argument where statutory grounds were sufficient for disposition); State v. Domingo, 69 Haw. 68, 70, 733 P.2d 690, 692 (1987) (standing for same proposition). Thus, as Morning Hill failed to challenge the finding and conclusion of discrimination under HRS § 378-2(a)(1)(c), we decline to reach Morning Hill's constitutional challenges to HAR § 12-46-133.

For these reasons, the Circuit Court's July 16, 2018 Final Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, January 12, 2024.

On the briefs:

Andrew Daisuke Stewart,
(Showa Law Office, LLLC),
for Appellant-Appellant.

Kalikoʻonalani D. Fernandes,
Deputy Solicitor General,
Department of the Attorney General,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kirstin M. Hamman
Circuit Judge

4